IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM CARL HURST, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3364 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | |
| JOHN KNAPPLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 24, the motion for appointment of counsel filed by the plaintiff. The court cannot routinely appoint counsel in civil cases. In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) The plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

The plaintiff has filed a complaint pursuant to 28 U.S.C. § 1983 and a request to proceed in forma pauperis (filing no. 25). The court has received a certified copy of the plaintiff's institutional trust account information. The Court acknowledges that the plaintiff has already paid the $150.00 filing fee as required. After review of the plaintiff's trust account information, I will grant the plaintiff's motion to proceed in forma pauperis from this point forward in this case.

IT IS THEREFORE ORDERED:

1.  That filing no. 24 is denied; and

2.  That filing no. 25 is granted insofar as the plaintiff is permitted to proceed in forma pauperis from this point forward in this case.

DATED this 20th day of May, 2005.

BY THE COURT:

s/F.A. GOSSETT
United States Magistrate Judge