IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM CARL HURST, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3364 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOHN KNAPPLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 18, the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by the defendants, Dawson County Commissioner John Knapple, Dawson County Sheriff Garry Reiber, Corrections Officer Botch, Nurse Crystal Williams, and Investigator Swartz. In his complaint, the plaintiff, William Carl Hurst, Sr., asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff alleges that while he was held at the Dawson County Jail as a federal pretrial detainee, the defendants, who are Dawson County officials and employees, failed to protect him from assault by other inmates. In addition, the plaintiff alleges that, after the attack by other inmate(s), the defendants failed to provide the plaintiff with adequate medical care. The plaintiff has sued the defendants in their individual and official capacities (filing no. 6).

**Amended Complaint**

Fed. R. Civ. P. 15(a) allows amendment of a complaint "once as a matter of course" under certain conditions. By filing an Amendment to the complaint (filing no. 6), the plaintiff used his one "free" amendment under Rule 15(a). Thereafter, the plaintiff had to obtain leave of court to file any additional amendments. The plaintiff did not request leave to file the Amended Complaint (filing no 23) submitted on May 12, 2005. As the defendants

1

point out in their opposition to leave to amend (filing no. 28), the effect of filing no. 23 would be to add to this case a large number of unidentified defendants whose role in the incident in question appears tenuous at best. Leave to amend is denied. The Clerk of Court need not strike filing no. 23, but this case will proceed with filing no. 1, as amended by filing no. 6, as the operative complaint.

## Suggestion of Death

The defendants have filed a Suggestion of Death (filing no. 20) as to Nurse Crystal Williams. Unless the plaintiff is able to comply with Fed. R. Civ. P. 25(a) by June 30, 2005, defendant-Williams will be deemed dismissed from this action on July 1, 2005 without further notice or action by the court.

## Failure to Protect

In filing no. 18, the defendants seek dismissal of the complaint for failure to state a claim on which relief may be granted under the Due Process Clause of the Fourteenth Amendment or the Eighth Amendment to the United States Constitution.[1] See Fed. R. Civ. P. 12(b)(6).

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to take reasonable measures to guarantee the safety of inmates and to protect them from violence by other prisoners. See, e.g., Pagels v. Morrison, 335 F.3d

---

[1] The Eighth Amendment's prohibition of cruel and unusual punishment applies only "after conviction and sentence." Graham v. Connor, 490 U.S. 386, 393 & n. 6 (1989). Pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Claims such as the plaintiff's in this case, however, are analyzed in much the same way as an Eighth Amendment claim of deliberate indifference. See, e.g., Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000).

736, 740 (8th Cir. 2003): "The Supreme Court has held that the Eighth Amendment requires prison officials to take 'reasonable measures to guarantee the safety of inmates [and] ... to protect prisoners from violence at the hands of other prisoners.' Farmer v. Brennan, 511 U.S. 825, 832-33 ... (1994) (internal quotation marks and citations omitted)."

To prevail on an Eighth Amendment failure-to-protect claim, the plaintiff must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm and (2) the defendant(s) subjectively knew of and disregarded an excessive risk to the plaintiff's safety. Smith v. Arkansas Dep't of Correction, 103 F.3d 637, 644 (8th Cir. 1996); Jensen v. Clarke, 73 F.3d 808, 810 (8th Cir. 1996).

In order to satisfy the second part of a failure-to-protect claim, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, "[a] government official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004).

On the other hand, negligence by a defendant does not suffice to establish deliberate indifference. See, e.g., Pagels v. Morrison, 335 F.3d 736, 742 (8th Cir. 2003) ("negligence cannot give rise to an Eighth Amendment failure-to-protect claim"); Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d 999,

1001 (8th Cir. 2002).

### Policy

The defendants contend that the plaintiff has failed to allege facts giving rise to an inference that any defendant subjectively acted, or failed to act, with deliberate indifference to the plaintiff's safety or that the defendants had a custom or policy which proximately caused the plaintiff's injury. However, the defendants concede a policy or custom of punishing the larger prison population for an infraction when the identity of the perpetrator is unknown (filing no. 19 at 3). In this case, that policy may have incited violence among inmates at the jail. Other policies may have contributed to the incident, such as inadequate placement of security cameras within the jail as the plaintiff alleges, failure to monitor the housing pods, with the result that rapes and beatings occur within those locations as the plaintiff alleges, failure to investigate previous complaints by inmates at the jail as the plaintiff alleges, and budgetary or personnel policies or practices resulting in inadequate staffing. At any rate, the plaintiff is unlikely, without discovery, to be able to pinpoint the exact proximate cause(s) of the attack.

### County Commissioner

Under 42 U.S.C. § 1983, a defendant may not be held vicariously liable for the acts of others. A supervisory official cannot be held liable for another person's misconduct absent the supervisor's "sufficient personal involvement" or "tacit authorization" of the conduct at issue. Williams v. Kelso, 201 F.3d 1060, 1067 (8th Cir. 2000), *citing* Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995). In other words, a supervisory official may not be held personally liable on principles of respondeat superior for constitutional injuries allegedly inflicted by other persons. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d 773,

778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989): "Rigorous standards of culpability and causation must be applied to ensure that [an employer] is not held liable solely for the actions of its employees."... The purpose of such a stringent standard is to prevent § 1983 liability from collapsing into state tort law or into respondeat superior liability, an intent not contemplated by § 1983." Accord Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997): "Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights."

The plaintiff has alleged no facts on which Dawson County Commissioner John Knapple could be held liable to the plaintiff. At most, Mr. Knapple has a supervisory role over the County's operations, including at the jail. As stated, a supervisory role, without more, does not support liability under 42 U.S.C. § 1983. Therefore, filing no. 18 will be granted in part, in that Dawson County Commissioner John Knapple will be dismissed from this litigation pursuant to Fed. R. Civ. P. 12(b)(6).

### Remaining Defendants

As to defendants-Reiber, Botch and Swartz, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. See generally Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998):

> A complaint should not be so dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief .... When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff .... We do not apply a standard of heightened specificity, more stringent than the usual pleading requirements of the civil rules, in cases alleging municipal liability

5

under section 1983 .... At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.

(Citations omitted.) In light of that strict standard, filing no. 18 will be denied as to defendants-Reiber, Botch and Swartz,

THEREFORE, IT IS ORDERED:

1. That leave to amend the complaint, as previously amended, is denied; the Clerk of Court need not strike filing no. 23, but this case will proceed with filing no. 1, as amended by filing no. 6, as the operative complaint;

2. That filing no. 18, the defendants' Motion to Dismiss, is granted in part and denied in part as follows:

    a. The Motion to Dismiss is granted as to Dawson County Commissioner John Knapple, and that defendant is dismissed from this litigation;

    b. The Motion to Dismiss is denied as to defendants-Reiber, Botch and Swartz;

and

3. That, pursuant to filing no. 20, the Suggestion of Death filed as to Crystal Williams, unless the plaintiff successfully complies with Fed. R. Civ. P. 25(a) by June 30, 2005, defendant-Williams will be deemed dismissed from this action as of July 1, 2005 without further notice or action by the court; if the plaintiff complies with Rule 25(a), the substituted defendant may move for dismissal.

DATED this 1st day of June, 2005.

                BY THE COURT:

                s/ Richard G. Kopf
                United States District Judge