**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **WILLIAM CARL HURST, SR.**, ) | |
| ) | **4:04cv3364** |
| **Plaintiff,** ) | |
| ) | **AMENDED** |
| vs. ) | **ORDER SETTING** |
| ) | **SCHEDULE FOR** |
| **JOHN KNAPPLE, et al.,** ) | **PROGRESSION OF CASE** |
| ) | |
| **Defendants.** ) | |

This matter is before the court on filing no. 48, the parties' Stipulation for Amended Progression Order. The Stipulation (filing no. 48) is approved, as set forth below.

In filing nos. 36 and 39, the plaintiff requests additional time to substitute the personal representative of Crystal Williams' estate for defendant-Crystal Williams, who died after the plaintiff filed this action. The parties have stipulated to the deadlines set forth below. Therefore, to provide the personal representative an opportunity to challenge the sufficiency of the plaintiff's claim(s) against Ms. Williams, the court cannot grant the plaintiff more than approximately 60 days. Therefore, the plaintiff shall have until **October 7, 2005** to take such actions under state law and the Federal Rules of Civil Procedure as are necessary to substitute the proper party for Ms. Williams. No extensions of time beyond October 7, 2005 will be granted. Filing nos. 36 and 39 are granted to the foregoing extent.

**IT IS ORDERED:**

1. Filing nos. 36 and 39 are granted to the extent set forth above, and filing no. 48 is approved, as set forth below.

2. **Mandatory Disclosures.** The mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) shall be served by all parties on or before **September 15, 2005.** The filing of disclosures under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served.

3. **Limits on Discovery.** Each party is limited to serving **fifty (50)** interrogatories, including subparts, on any other party. If necessary, the parties may ask the

-1-

court for leave to serve additional interrogatories. The defendants, as a group, are limited to taking **ten (10)** depositions upon oral examination in this case, without leave of court. The plaintiff may take up to **ten (10)** depositions upon written questions pursuant to Fed. R. Civ. P. 31, subject to the limitations of that rule.

4. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about **each** such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were given to them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

5. **Disclosure of Expert Witnesses.** The parties shall, as soon as practical but not later than **November 1, 2005**, serve upon one another the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705 of the Federal Rules of Evidence. If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions.

6. **Disclosure of Nonexpert Witnesses**. On or before **November 1, 2005**, the parties shall disclose to each other the name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

7. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **December 31, 2005**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.

8. **Motions Based on Pleadings.** All motions to dismiss or for judgment on the pleadings shall be filed on or before **November 30, 2005.**

9. **Motions for Summary Judgment**. All motions for summary judgment shall

be filed by **January 30, 2006**.

      10.    **Pretrial Conference**. The Final Pretrial Conference will be set by further order of the court.

      11.    **Motions to Alter Dates**. Any requests for changes of date settings shall be directed to the undersigned Magistrate Judge by appropriate written motion.

      **DATED August 5, 2005.**

                                **BY THE COURT:**

                                **s/ F.A. Gossett**
                                **United States Magistrate Judge**